The Honorable Lawson Lamar State Attorney Ninth Judicial Circuit Post Office Box 1673 Orlando, Florida 32802
Dear Mr. Lamar:
You have asked for my opinion on substantially the following question:
Are driver history records maintained by the Division of Driver Licenses pursuant to section 322.20, Florida Statutes, which have been requested and received by the clerk of court, the State Attorney, or the court for official purposes, public records which must be open for inspection and copying pursuant to section119.07(1), Florida Statutes?
In sum:
The driver history record of each licensee maintained by the Department of Highway Safety and Motor Vehicles pursuant to section 322.20(3), Florida Statutes, is a public record within the scope of section 119.07(1), Florida Statutes. The statute requires that driver history records shall be provided by the Department of Highway Safety and Motor Vehicles to law enforcement agencies or courts without charge for investigations conducted by those agencies. Once these records are in the possession of the courts and law enforcement agencies, copies obtained from those agencies must be provided according to the fee schedule set forth in section 119.07(1), Florida Statutes.
According to your letter, the clerk of the court has requested records pursuant to section 322.20, Florida Statutes, to be utilized in the prosecution of traffic offenses by the State Attorney or the court. These records are now in the court file. You question whether drivers' records which are requested and received by the clerk of the court for official purposes become public records which are subject to the Public Records Law.
Section 322.20, Florida Statutes, provides for records containing information obtained by the Department of Highway Safety and Motor Vehicles (the department) through the driver licensing process. Pursuant to this section the department must maintain a record of every application for a driver's license.[1] The department is charged with maintaining a record of all accident reports, abstracts of court records of convictions, and notices of revocation or suspension of a person's driver's license or driving privilege.[2] Subsection (3) of the statute provides that:
The department shall maintain convenient records or make suitable notations, in order that the individual driver history record of each licensee is readily available for the consideration of the department upon application for renewal of a license and at other suitable times. The release by the department of the driver history record, with respect to accidents involving a licensee, shall not include any notation or record of the occurrence of a motor vehicle accident unless the licensee received a traffic citation as a direct result of the accident, and to this extent such notation or record is exempt from the provisions of s.119.07(1).
Clearly, the statute recognizes the public nature of this information and contemplates the applicability of the Public Records Law, Chapter 119, Florida Statutes.
Subsection (8) of section 322.20, Florida Statutes, provides that:
The department may, upon application, furnish to any person, from the records of the Division of Driver Licenses, a list of the names, addresses, and birth dates of the licensed drivers of the entire state or any portion thereof by age group. In addition, the department may furnish to the courts, for the purpose of establishing jury selection lists, the names, addresses, and birth dates of the persons of the entire state or any portion thereof by age group having identification cards issued by the department. Each person who requests such information shall pay a fee, set by the department, of 1 cent per name listed, except that the department shall furnish such information without charge to the courts for the purpose of jury selection or to any state agency or to any state attorney, sheriff, or chief of police. Such court, state agency, state attorney, or law enforcement agency may not sell, give away, or allow the copying of such information. . . . Noncompliance with this prohibition shall authorize the department to charge the noncomplying court, state agency, state attorney, or law enforcement agency the appropriate fee for any subsequent lists requested. . . . (e.s.)
The information provided pursuant to subsection (8) is limited to lists of names, addresses, and birth dates of licensed drivers. The statute provides that this information, extracted from the public records by the department, may be furnished to any person for one cent a name and shall be furnished without charge to the courts for purposes of jury selection, to any state agency or state attorney, sheriff or chief of police. However, this information may not be provided by the recipients to others.
Thus, section 322.20(8), Florida Statutes, creates a very narrow exemption from the Public Records Law for such a list produced and received under the terms of this subsection.
Section 322.20(10)(a), Florida Statutes, authorizes the Department of Highway Safety and Motor Vehicles to charge prescribed fees for certain services and documents as follows:
1. For providing a transcript of any one individual's driver history record for the past 3 years or for searching for such record when no record is found to be on file . . . . . . . . . . . . . . . . . . . . . . . . . $ 2.00
2. For providing a transcript of any one individual' driver history record for the past 7 years or for searching for such record when no record is found to be on file . . . . . . . . . . $ 3.00
3. For providing a certified copy of a transcript of the driver history record for any one individual . . . . . . . . . . . . . . . . . . . . . . . . . $ 3.00
4. For providing a certified photographic copy of a document, per page . . . . . . . . . . . . . . . . . . . . . . . . . $ 1.00
5. For providing an exemplified record . . . .. . $15.00
6. For providing photocopies of documents, papers, letters, clearances, or license or insurance status reports, per page . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.50
7. For assisting persons in searching any one individual's driver record at a terminal located at the department's general headquarters in Tallahassee . . . . . . . . . . . $ 2.00
The information described above appears to be that maintained pursuant to section 322.20(3), Florida Statutes. This section further provides that "[t]he department shall furnish such information without charge to any local, state, or federal law enforcement agency or court upon proof satisfactory to the department as to the purpose of the investigation." Unlike the restriction in s. 322.20(8), Florida Statutes, nothing in subsection (10)(b) prohibits the release of this information by the recipient.
Further, this driver history information, which is compiled pursuant to subsection (3), falls within the scope of the Public Records Law as discussed above. Section 119.07(1)(a), Florida Statutes, provides, "[t]he custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law. . . ." In this case the fee prescribed by law is established in section 322.20(10)(a) and (b), Florida Statutes, and applies to those individuals or agencies who request copies from the Department of Highway Safety and Motor Vehicles. However, the prohibition contained in subsection (8) against the recipient providing copies of such documents is not extended to those driver history records described in (10), but is limited to the lists of names, addresses, and birth dates prepared by the department as abstracts described in subsection (8).
Therefore, a copy of a driver history record as described in section 322.20(3) and (10), Florida Statutes, which has been provided to a court or local or state law enforcement agency is a public record[3] in the possession of those agencies. Thus, the custodian of such records is required to make provision for the inspection and copying of these records as set forth in section119.07(1), Florida Statutes. The fees charged for providing copies of these driver history records once they are in the possession of law enforcement or the courts are those established in section119.07(1)(a), Florida Statutes, i.e., "for duplicated copies of not more than 14 inches by 8 1/2 inches, upon payment of not more than 15 cents per one-sided copy, and for all other copies, upon payment of the actual cost of duplication of the record."
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 322.20(1), Florida Statutes.
[2] Section 322.20(2), Florida Statutes.
[3] Section 119.011(1), Fla. Stat., defines "[p]ublic records" to be "all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." An "[a]gency" for purposes of the Public Records Law is "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law including, for the purposes of this chapter, the Commission on Ethics, the Public Service Commission, and the Office of Public Counsel, and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."